# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DANIEL L. CHAPEL, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:17-CV-1137-KOB |
| NANCY A. BERRYHILL, ) | |
| ACTING COMMISSIONER OF ) | |
| SOCIAL SECURITY ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION

## I. INTRODUCTION

The claimant, a recipient of disability benefits, appeals the Administrative Law Judge's denial of his request for a repayment waiver for overpaid disability benefits under 42 U.S.C. § 204(b). The Social Security Administration found that it overpaid the claimant disability benefits during two periods when he engaged in substantial gainful work without notifying the Administration, and for that reason

1

it sought repayment from the claimant. In a decision dated July 25, 2015, the ALJ determined that the claimant was liable for repayment of $39,824 in disability insurance benefits paid to him from April 1998 through December 1999 and April 2011 through August 2013, because he was not without fault in causing the overpayments. (R. 14, 16–17).

On June 1, 2017, the Appeals Council denied the claimant's request for review; consequently the ALJ's decision became the final decision of the Commissioner of the Administration. (R. 5). The claimant has exhausted his administrative remedies, and this court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

On appeal, the claimant argues that he was without fault in causing the overpayments because he did report his work to the Administration, and thus repayment should be waived. Additionally, the claimant presented this court with additional evidence that was not in the record for the underlying administrative proceedings.[1] For the reasons stated below, the court REVERSES and REMANDS the ALJ's decision for further development of the record.

---

[1] The claimant proceeded in the underlying administrative phase of this case on a *pro se* basis and continues to pursue this matter without benefit of legal counsel. Therefore, the claimant's pleading and other filings with this court have been afforded liberal construction in accordance with prevailing precedent. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (complaints of *pro se* litigants must be construed more liberally than formal pleadings drafted by lawyers).

## II. ISSUE PRESENTED

The court finds that the issue on appeal is whether the ALJ fully and fairly developed the record concerning the claimant's overpayment amounts.

## III. STANDARD OF REVIEW

The standard for reviewing the Commissioner's decision is limited. This court must affirm the ALJ's decision if he applied the correct legal standards and if substantial evidence supports his factual conclusions. *See* 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

"No . . . presumption of validity attaches to the [ALJ's] legal conclusions, including determination of the proper standards to be applied in evaluating claims." *Walker*, 826 F.2d at 999. This court does not review the ALJ's factual determinations *de novo*. The court will affirm those factual determinations that are supported by substantial evidence. "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 402 (1971).

## IV. LEGAL STANDARD

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to "engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Commissioner of Social Security is permitted to recover overpayments when the Administration has overpaid benefits to the beneficiary. 20 U.S.C. § 1383(b)(1)(A). However, repayment of the overpaid amount may be waived if: (1) the beneficiary is found to be "without fault" regarding the overpayment, and (2) recovery would defeat the purpose of the Act or "would be against equity and good conscience." *Id*. at 404(b)(1). The beneficiary bears the burden of proving that he is without fault in causing the overpayment of benefits and must do so before the Secretary may consider the second tier of the waiver statute. *Viehman v. Schweiker*, 679 F.2d 223, 227 (11th Cir. 1982).

Determination of a beneficiary's fault is a highly subjective inquiry, considering criteria such as the beneficiary's age, intelligence, education, and physical and mental condition, as well as "the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation." *Jefferson v. Bowen*, 794 F.2d 631, 633 (11th Cir. 1986) (quoting *Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984)).

When a claimant challenges the Administration's initial determination of the amount of an overpayment, the Commissioner must present reliable substantial

evidence of the particular overpayments. The burden of proof of the fact and amount of overpayments is on the Commissioner. *Mackey v. Astrue*, No. 3:08-CV-1019-J-TEM, 2010 WL 3833659, at *7 (M.D. Fla. Sept. 28, 2010) (citing *McCarthy v. Apfel*, 221 F.3d 1119, 1126 (9th Cir. 2000); *Cannuni ex rel. Cannuni v. Schweiker*, 740 F.2d 260, 263 (3rd Cir. 1984); *United States v. Smith*, 482 F.2d 1120, 1124 (8th Cir. 1973)).

Additionally, the ALJ has an affirmative duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995); *Lucas v. Sullivan*, 918 F.2d 1567, 1573 (11th Cir. 1990); *Smith v. Bowen*, 792 F.2d 1547, 1551 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This duty exists even if the claimant is represented by counsel or waived his right to representation. *Cowart*, 662 F.2d at 735. However, "where the right to representation has not been waived, the hearing examiner's obligation to develop a full and fair record rises to a special duty." *Graham*, 129 F.2d at 1422. This special duty requires the ALJ to be "especially diligent" and to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." The ALJ must ensure that favorable as well as unfavorable facts and circumstances are elicited, because of the claimant's unrepresented status. The court must consider whether the record reveals evidentiary gaps that result in unfairness or clear prejudice. *Id*. at 1423.

# V. FACTS

The claimant filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act on July 13, 1995. Although the Administration initially denied his application, an ALJ awarded the claimant disability benefits at the hearing level on February 23, 1996. Under the ALJ's decision, the claimant was disabled as of February 26, 1993 and began receiving disability insurance benefits. (R. 99).

On November 21, 2001, the Administration notified the claimant that he was not owed benefits for August 1998 and January 1999 through September 1999 because he had resumed work that was substantial gainful activity. (R. 18, 100).

On September 14, 2013, the Administration alerted the claimant that his disability had ended and that he was not entitled to payments for April 1998 through December 1999 and from April 2011 forward because he had engaged in substantial gainful work activity. On September 23, 2013, the Administration informed the claimant that he had been overpaid $32,870 in benefits. The notice requested a refund of the overpayment within thirty days, and stated that if the claimant was unable to refund the full amount he should send a partial payment, an explanation of why he could not pay the full amount at that time, and a plan to repay the money. (R. 56, 60).

On January 10, 2014, the claimant requested a repayment plan of ten dollars a month. On February 21, 2014, the Administration informed the claimant that overpayments should be paid back within sixty months, which would require a monthly repayment of $548 unless that would create financial hardship. The Administration provided the claimant with a Payment Plan Request and Information form, which he returned on March 4, 2014. Additionally, on April 29, 2014, the claimant submitted a Request for Waiver of Overpayment Recovery or Change in Repayment Rate form to the Administration. (R. 67–70, 7A, 71).

On October 14, 2014, the Administration determined that it could not find the claimant without fault in causing the overpayment because he had previously been overpaid for substantial gainful activity worked so he should have known how his work affected his disability. The Administration further denied the claimant's waiver request and referred his case for a personal conference. (R. 78–79, 81).

The claimant missed two scheduled personal conferences because he was working during normal business hours and could not attend the appointments. However, the claimant did participate in a personal conference interview on November 4, 2014. The claimant argued that the overpayment was incorrect because he did report his wages correctly, but he no longer had proof of that information. Additionally, the claimant believed that his prior overpayment was

repaid and that the Administration was trying to collect on an old overpayment. The Administration determined that, because the claimant did not report his earnings in a timely manner and the Administration incorrectly paid him, the claimant was not without fault; therefore, it denied the waiver on November 12, 2014. (R. 86–87).

On January 2, 2015, the claimant requested a hearing with an ALJ. In a February 20, 2015 notice, the Administration confirmed that the claimant's January 30, 2015 overpayment balance was $39,784. (R. 89–90, 97–99).

On April 28, 2015, the claimant knowingly and voluntarily waived his right to appear and testify at the hearing, but did not waive his right to counsel. He stated that he did not want to jeopardize his current employment to attend the hearing, and he noted that he felt that he had "already spent an exorbitantly excessive amount of time explaining why [he felt he had] been treated unfairly in the sudden suspension of Social Security Benefits." He wrote that if the ALJ would not waive the amount, he requested a minimum payment plan schedule of no more than twenty-five dollars a month. (R. 121).

## VI. ALJ OPINION

On July 25, 2015, the ALJ denied the claimant's waiver request and determined that the claimant was liable for $39,824 in overpayment pursuant to section 204(a)(1)(A) of the Social Security Act. The ALJ found that the

Administration overpaid the claimant disability insurance benefits from April 1998 through December 1999 and April 2011 through August 2013. The ALJ noted that, while the Administration initially found that the claimant was overpaid by $32,870, it later discovered an additional overpayment of $6,954. (R. 15, 17).

The ALJ noted the claimant's argument that his earnings did not exceed the earnings limit, but the ALJ determined that the claimant's earnings "clearly" exceeded the earnings limit.[2] The ALJ also concluded that no objective evidence showed that the claimant had impairment-related work expenses that could be deducted from his earnings under 20 C.F.R. § 404.1597. (R. 16).

The ALJ also acknowledged the claimant's argument that the overpayment was incorrect; however, he determined that no objective evidence supported that allegation. The ALJ also addressed the claimant's argument that he had repaid his earlier overpayment and noted that the claimant had repaid no more than twenty dollars a month toward the overpayment. The ALJ found that the claimant's remaining overpayment balance, including a twenty dollar payment on March 3, 2015, was $39,744. (R. 16).

Next, the ALJ determined that the claimant was at fault in causing the overpayment under 20 C.F.R. §§ 404.506(a), 404.507, and 404.510a. The ALJ

---

[2] Every year, the Administration announces a new threshold for substantial gainful activity. *See* Social Security Administration, *Substantial Gainful Activity*, available at https://www.ssa.gov/oact/cola/sga.html.

noted that, while the claimant alleged that he reported his wages correctly, he did not provide any evidence to support those allegations; therefore, the ALJ found that he failed to report his earnings to the Administration in a timely manner. Because of the claimant's failure to report, the ALJ found that the Administration wrongly paid the claimant's benefits for April 1998 through December 1999 and April 2011 through September 2013. (R. 16).

The ALJ acknowledged the claimant's argument that he notified the Administration about his work activity and that a representative told him that his earnings had not exceeded the earning requirement to continue to receive disability insurance benefits. However, the ALJ found no evidence in the record that anyone in the Administration advised the claimant that his earnings did not exceed the earnings limit. In addressing the claimant's argument that the Administration should have ceased his benefits because the Administration was aware that he was working, the ALJ focused on the fact that the Administration had overpaid the claimant disability insurance benefits once before he began working again in 2010. The ALJ found that the claimant should have been aware of the earnings limit and that the Administration's continued payments to him after he resumed substantial gainful activity did not relieve him of his responsibility in causing the overpayment. The ALJ concluded that the claimant could not be found without fault in causing the overpayment. (R. 16–17).

The ALJ finally determined that recovery of the overpayment was not waived, and that the claimant was liable for repayment of $39,824 in disability insurance benefits. Because the claimant had been making monthly payments to repay the overpayment, the ALJ recommended that the Administration negotiate a payment plan that was consistent with the claimant's ability to repay the overpayment and allow the claimant to continue making monthly installment payments. (R. 17).

## VII. DISCUSSION

Proceeding *pro se*, the claimant appears to argue that the ALJ improperly found that the claimant was not without fault in causing the overpayment of disability benefits and that evidence submitted to this court warrants remand. However, on appeal the court finds that the ALJ failed to meet his duty to fully and fairly develop the record and remands this case without reaching the merits.

The key flaw in the ALJ's decision is his finding that the Administration overpaid the claimant by $39,824 when no clear documentation exists in the administrative record of these payments. The court is at a loss as to how the ALJ calculated the asserted overpayment of $39,824. The ALJ alleged that the Administration initially assessed an overpayment of $32,870 and later found an additional overpayment of $6,954, which would total an overpayment balance of

$39,824. However the ALJ failed to cite any clear evidence in the record to support these numbers.

The only time the ALJ referenced record evidence concerning the amount of the overpayment is when he asserted that the claimant's overpayment balance was $39,784 in January and February 2015. However, the evidence he references contains an untitled chart of "paid's" and "payable's" printed on January 30, 2015 that does not appear to be from the Administration and an "eNon-Disability Summary Sheet" from February 20, 2015 that fails to explain where the various overpayment amounts came from. These unclear exhibits are insufficient to establish an overpayment balance that allegedly arose from fifty months of overpayment spread over a sixteen-year period.

While the ALJ's duty to develop the record does not require that the "ALJ must search to the last document to find every possible piece of relevant evidence," the ALJ must have sufficient evidence to decide the case. *Stanberry v. Astrue*, No. 3:10CV534/LAC/EMT, 2012 WL 1020434, at *10 (N.D. Fla. Feb. 27, 2012), *report and recommendation adopted*, No. 3:10CV534/LAC/EMT, 2012 WL 1059077 (N.D. Fla. Mar. 27, 2012) (citing *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). Here, evidence presented is insufficient to support the ALJ's determinations. (R. 14, 90–93, 97–101).

Furthermore, the record only contains one exhibit dated before October of 2012. That exhibit is a 2002 notice from the Administration to the claimant notifying him that his disability was continuing and reminding him of his duty to report any changes that may affect his benefits, such as returning to work or a change in his condition. The notice does not mention the earlier overpayment from 1998 and 1999, and the ALJ does not reference this exhibit in his decision. (R. 3, 3A, 4, 18–22).

Considering that the alleged overpayment amount includes the earlier overpayment, dating back to 1998 and 1999, the ALJ's failure to include any evidence in the record concerning that overpayment or even from the time period when the Administration overpaid the claimant the first time baffles the court. The record does not even contain the initial determination letter of the earlier overpayment, nor does it include any documents subsequent to the discovery of the first overpayment concerning any repayments or withheld funds to recover the incorrect payments.[3] The ALJ did not point to any record evidence concerning the first overpayment because such evidence does not exist in the record.

More specifically, the court is concerned about the "additional overpayment later discovered in the amount of $6,954.00." The ALJ failed to cite anywhere in

---

[3] *See* 42 U.S.C. § 404(a)(1)(A) ("With respect to payment to a person of more than the correct amount, the Commissioner of Social Security shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person . . . to refund the amount in excess of the correct amount . . . .").

13

the record explaining where this amount came from, how or when it was "later discovered," or even when the alleged overpayment occurred. By the court's calculations from the untitled chart of alleged amounts paid, the Administration paid the claimant $15,727 during the initial overpayment period of April 1998 through December 1999. The court is at a loss as to whether the $6,954 amount is derived from the earlier overpayment, and, if so, how the Administration arrived at this amount. The ALJ made no attempt to explain the $6,954 amount, nor did he develop the record to reflect the basis for this figure. (R. 16, 91).

The only evidence of record to even mention the $6,954 overpayment is a letter from the Administration to the claimant on March 18, 2015 notifying him that his overpayment balance was $6,954. Nowhere in that letter does the Administration explain that this amount reflects a newly discovered overpayment amount, and this letter is especially confusing considering that it was sent just weeks after a January 16, 2015 notice alerting the claimant that his overpayment balance was $32,830. The ALJ did not cite to either document, and he failed to question the Administration concerning these conflicting letters. (R. 122–23).

Additionally, the ALJ brushed off the claimant's allegations that he had repaid the earlier overpayment without developing the record to respond to the claimant's concern. ALJ hearings are not adversarial proceedings, and the ALJ has a basic duty to develop a full and fair record. *Cowart*, 662 F.2d at 735. The ALJ

made no attempt to assess the merit of the claimant's allegation, evidenced by the lack of anything in the record discussing the earlier overpayment or the repayment he made. (R. 16).

On appeal, the claimant presented this court with evidence he believes the ALJ overlooked in the administrative proceedings, including numerous letters from the Administration to the claimant discussing withheld benefits to repay the earlier overpayment. These particular letters span from December 23, 2005 to September 2, 2008, and appear to show that the claimant repaid his overpayment balance in September of 2008. The court does not know whether the claimant attempted to produce these documents during the administrative proceedings or if he first presented them on appeal. Regardless, the ALJ should have sought out these kinds of records in fully and fairly assembling the record concerning the overpayment balance, especially in light of the claimant's allegations that he had already repaid the earlier overpayment. (R. 16, Pl's Br. 1–20).

While it appears that the ALJ attempted to develop a record for the claimant's case, in light of the present record that only contains thirty-eight exhibits, that development did not include substantial evidence of benefits overpayments totaling $39,824. Under 20 C.F.R. § 404.902(j), determination of an overpayment is a matter subject to administrative and judicial review. Here, the claimant has contested both the fact and amount of the asserted overpayments.

15

The Commissioner failed to meet her burden of presenting substantial evidence supporting the fact and amount of the alleged overpayments. *See Mackey*, 2010 WL 3833568, at *7. Therefore, the court finds that substantial evidence in the current record does not support the ALJ's finding that the Administration overpaid the claimant by $39,824. The court finds no substantial evidence in the administrative record to support the ALJ's decision regarding the overpayment amount. Indeed, no evidence exists in the record of how the Administration calculated the overpayment or if the claimant has repaid any or all of it. Without that evidence, the court has nothing to review as to the ALJ's conclusion that the claimant is not without fault.

On remand, the court directs the ALJ to reconstruct the alleged overpayments of benefits to the claimant. Such evidence shall include a month-by-month account of benefit payments made in error and all notices to the claimant concerning repayment of the overpayments. The ALJ shall fully and fairly develop the record with additional evidence, including documents submitted by the claimant, and conduct further proceedings in accordance with this Opinion.

## VIII. CONCLUSION

For the reasons stated above, this court concludes that the decision of the Commissioner is due to be REVERSED and REMANDED for further development of the record in accordance with this opinion.

The court will enter a separate Order to that effect simultaneously.

DONE and ORDERED this 20th day of September, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE